IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Case No.: 1:07-cr-35 (WLS) |
| | : | |
| KELVIN HAMPTON, | : | |
| | : | |
| Defendant. | : | |

## ORDER

Before the Court is Defendant's Motion for Departure Pursuant to 18 U.S.C. § 3582(c)(2) (Doc. 43). Defendant moves this Court to reduce his sentence pursuant to Amendment 750, effective November 1, 2011 and made retroactive, which lowers the base offense levels for particular crack cocaine offenses in U.S.S.G. § 2D1.1(c). *See* U.S.S.G. App. C, Amend. 750. However, as both the Government and Defense counsel note, Defendant's sentence was based on the career-offender guideline under U.S.S.G. § 4B1.1, not the applicable crack guideline. (Doc. 48 at 6; Doc. 49 at 3.) Amendment 750 did not make any changes to § 4B1.1, the career-offender guideline. *See United States v. Lawson*, 686 F.3d 1317, 1319 (11th Cir. 2012) (rejecting argument that *Freeman v. United States*, 131 S. Ct. 2685 (2011) undermines binding Eleventh Circuit precedent that holds that career offenders are ineligible for reduction under Amendment 750).

The Eleventh Circuit has held that "[w]here a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence." *United States v. Moore*, 541 F.3d 1323, 1320–21 (11th Cir. 2008) (concluding that when a defendant's sentence is based on the guideline ranges

1

applicable to career offenders under § 4B1.1, a defendant's base offense level under § 2D1.1 plays no role in the calculation of these ranges). When given the opportunity to address the interplay between Amendment 750 and sentences calculated under the § 4B1.1 career-offender guideline, subsequent to *Moore*, the Eleventh Circuit concluded that where a sentencing range is based upon § 4B1.1, Amendment 750, which serves to reduce base offense levels in § 2D1.1, but not in § 4B1.1, does not alter the sentencing range upon which the sentence is based, and thus, § 3582(c)(2) does not authorize a reduction in sentence. *Lawson*, 686 F.3d at 1321. Accordingly, Defendant's sentence was not affected by Amendment 750 because he was sentenced as a career offender; thus, the original sentence imposed remains accurate. (Doc. 39.)

The Court sentenced Defendant as a career offender. (Doc. 48 at 6; Doc. 49 at 3.) Accordingly, Defendant's base offense level, under § 4B1.1, for violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii), distribution five or more grams of cocaine base, yielded a base offense level of 34. The Court reduced Defendant's offense level by three points for acceptance of responsibility, and then further reduced Defendant's offense level to 27 for Defendant's substantial assistance to the Government. Under Defendant's career-offender offense level of 27 and a criminal-history category of VI, the guideline imprisonment range was 188 months to 235 months. Defendant received 150 months' imprisonment for his drug conviction and retained a criminal history category of VI. Accordingly, his sentence was below the guideline range at that time. Defendant is not eligible pursuant to the crack amendment for a sentence reduction.

Accordingly, Defendant's Motion for Departure Pursuant to 18 U.S.C. § 3582(c)(2) (Doc. 43) is **DENIED**.

**SO ORDERED**, this   15th   day of April, 2013

                                            /s/ W. Louis Sands
                                            **THE HONORABLE W. LOUIS SANDS,
UNITED STATES DISTRICT COURT**